JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee, Gilbert Henderson's, motion to suppress. The state contends that the search of Henderson's pants pocket that resulted in the seizure of drugs was conducted within the parameters of aTerry[1] search. Therefore, the state argues that the trial court erred when it suppressed the evidence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The following facts were adduced at the suppression hearing from the testimony of Detective Matthew Stepic of the Cleveland Police Department. On October 19, 2007, Detective Stepic was on patrol with Sergeant Tom Shoulders of the vice unit. The police officers were patrolling in an unmarked police car in the area of West 30th Street and Athens Avenue, near Lincoln West High School. Detective Stepic stated that this area was known as a major hot spot of drug activity and was the subject of numerous complaints of drug sales.
 {¶ 3} On that day, at approximately 10:00 p.m., Detective Stepic observed a car stopped in the middle of the street on West 30th Street. From about 250 feet away, Detective Stepic observed Henderson on a bicycle standing next to the driver's window having a conversation with the driver of the car. Within minutes the car pulled off and left. Henderson continued riding the bicycle in a loop on West 30th Street. *Page 4 
 {¶ 4} According to Detective Stepic, as the officers drove slowly toward Henderson, he began pedaling toward their car. When Henderson got within 15 feet of the car, he seemed to recognize that they were police officers and went up on the sidewalk and tried to pedal away quickly toward the school parking lot. Sergeant Shoulders pulled over, got out of the car, and grabbed the bike and Henderson's arm. Henderson was told to place his hands on a nearby chain link fence.
 {¶ 5} Detective Stepic stated he patted down Henderson for weapons. He did not find any weapons, but stated he did feel a "large hard — the only way I can describe it, is a lumpy lump, a rough-textured lump in his pants pocket. He also had a cell phone in another pocket." Detective Stepic testified that based upon the situation, Henderson's actions, and the texture of the lump in his pocket, "I just thought maybe it was some drugs, particularly crack cocaine." Detective Stepic reached into Henderson's pocket and pulled out the lump, which turned out to be a plastic bag containing individually wrapped rocks of crack cocaine.
 {¶ 6} Henderson was charged in a four-count indictment with drug trafficking, two counts of drug possession, and possession of criminal tools. Henderson filed a motion to suppress, challenging the stop, search, and seizure on Fourth Amendment grounds.
 {¶ 7} Following the suppression hearing, the trial court granted Henderson's motion to suppress. The court applied the Terry standard and found that, based upon the suspicion of drug activity and Henderson's evasive actions toward the officers, the police were justified in stopping Henderson and patting him down for *Page 5 
weapons. The court then applied the "plain-feel" test of Minnesota v.Dickerson (1993), 508 U.S. 366, and found that Detective Stepic had no justification for reaching into Henderson's pocket and retrieving the bag containing drugs.
 {¶ 8} The state timely filed this appeal raising the following two assignments of error which we will address together.
 {¶ 9} "I. The trial court erred when it held the seizure of an item during a Terry pat down was in violation of defendant's right to not be subjected to an unreasonable search of his person."
 {¶ 10} "II. The trial court erred when it applied an incorrect standard to the officer's level of belief that an item felt during aTerry pat down was likely to be contraband."
 {¶ 11} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. In considering a motion to suppress, the trial court is in the best position to decide the facts and to evaluate the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, we must accept the trial court's findings of fact if they are supported by competent and credible evidence. State v. Curry (1994),95 Ohio App.3d 93. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts satisfy the applicable legal standard. Burnside, supra, at 155. *Page 6 
 {¶ 12} The state argues that the officers did not exceed the confines of a Terry search, and that the trial court incorrectly applied the standard of Minnesota v. Dickerson. We disagree.
 {¶ 13} The Fourth and Fourteenth Amendments to the United States Constitution prohibit warrantless searches and seizures. Unless an exception applies, warrantless searches are per se unreasonable.Katz v. United States (1967), 389 U.S. 347, 357. One exception was announced by the United States Supreme Court in Terry v. Ohio, supra. InTerry, the court held that a brief investigative stop of a person does not violate the Fourth Amendment if the police have reasonable suspicion that the person stopped is, or is about to be, engaged in criminal activity. Additionally, the court balanced the right to be free from unreasonable searches against the need to protect the police and the public, and held that a police officer may frisk a detainee's outer clothing for concealed weapons when the officer has a reasonable suspicion that the suspect is armed and dangerous. Terry,392 U.S. at 27.
 {¶ 14} In Minnesota v. Dickerson, the United States Supreme Court announced what is known as the "plain-feel" doctrine, holding that police, conducting a lawful Terry-type search, may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through his sense of touch. Id., 508 U.S. at 376. The court stated: "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's *Page 7 
privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." Id.
 {¶ 15} In this case, Detective Stepic's own testimony belies the notion that the nature and identity of the "lumpy lump" in Henderson's pocket were "immediately apparent" as contraband to him. A review of the record demonstrates that Detective Stepic found the identity of the cell phone in one of Henderson's pockets immediately apparent, but as to the lump in the front pocket, he just "thought maybe it was some drugs." Accordingly, we agree with the trial court that Detective Stepic exceeded the scope of his search when he seized the bag of crack cocaine from Henderson's front pants pocket.
 {¶ 16} The state's two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCUR.
[1] Terry v. Ohio (1968), 392 U.S. 1. *Page 1